UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

DARRYL MAURICE YOUNG,

    Petitioner,

v.                                        CASE NO. 5:12-cv-248-Oc-23TBS

KENNETH TUCKER,

    Respondent.
_____/

**O R D E R**

Darryl Maurice Young petitions for the writ of habeas corpus under 28 U.S.C. Section 2241 (Doc. 1).[1] Young cites an incident report for "mail violations" issued by correctional officials at Sumter Correctional Institution and asserts entitlement to expungement of the sanctions and restoration of lost good time credit. Young's disciplinary record is attached to the response (Docs. 12, 12-1) opposing the petition. The respondent argues that Young's due process rights were not violated during the disciplinary process. Young replies (Docs. 13, 32) to the response.

Because prison discipline is not a criminal prosecution, a defendant is not entitled to an array of rights due to a criminal defendant. *Wolff v. McDonnell*,

---

[1] Young filed the petition while incarcerated at the Lake Correctional Institution in Clermont, Florida. Young is currently incarcerated at the Hamilton Correctional Institution-Annex in Jasper, Florida. He serves a twenty-year, five-month, and five-day term of imprisonment imposed by the Ninth Judicial Circuit Court in Orange County, Florida, for his convictions of DUI manslaughter (one count), DUI serious bodily injury (two counts), and leaving the scene of a crash involving a death (one count). (Doc. 12-1 at 1–2)

418 U.S. 539, 556 (1974) ("[T]here must be mutual accommodation between institutional needs and objections and provisions of the Constitution[.]"). However, an inmate is entitled to due process, for example, notice and a hearing before loss of good credit time. As stated in *Superintendent v. Hill*, 472 U.S. 445, 455–56 (1985):

> We hold that the requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits. This standard is met if "there was some evidence from which the conclusion of the administrative tribunal could be deduced. . . ." *United States ex rel. Vajtauer v. Commissioner of Immigration*, 273 U.S., at 106. Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of the witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.

On May 4, 2009, at Sumter Correctional Institution, Young received incident report number 307-090380 charging him with mail violations. (Doc. 12-3 at 2) The disciplinary report written by the assigned senior administrative classification officer noted that an officer from the Department of Corrections in Nebraska intercepted a letter from Young in which Young stated, "please take notice that I am conducting research, in my small business planning, for a mail order business." (Doc. 12-3 at 2) The disciplinary report informed Young that his conduct violated Florida Administrative Rule 33-210.101 (12),[2] which prohibits an inmates from conducting business through the mail. (Doc. 12-3 at 2)

---

[2] Florida Administrative Code Rule 33-210.101 (12) effective November 26, 2008, through May 15, 2009, provides that "no inmate may establish or conduct business through the mail during his period of incarceration."

On May 5, 2009, corrections officials conducted an investigation. (Doc. 12-3 at 4) According to the report, Young made no statement and declined staff assistance. (Doc. 12-3 at 4)

On May 12, 2009, the disciplinary team at Sumter Correctional conducted Young's disciplinary hearing. (Doc. 12-3 at 14) Young pleaded not guilty. (Doc. 12-3 at 14) A corrections official testified that on May 4, 2009, at approximately 11:00 a.m. she received a fax from the Department of Corrections in Nebraska, which included a copy of Young's intercepted letter in which Young states that he is conducting research for his small, mail order business. (Doc. 12-3 at 14) Based on this testimony, the disciplinary team found Young guilty of the infraction and sentenced him to thirty days disciplinary confinement and thirty days loss of gain time with no "ac credit" awarded. (Doc. 12-3 at 14)

Appealing the disciplinary team's guilty finding, Young filed on May 13, 2008, an inmate grievance in which he admits writing the letter intercepted by Nebraska officials. (Doc. 12-4 at 3) Young also admitted that he conducted research for his small business but argued that his conduct did not violate Florida Administrative Code Rule 33-210.101 (12). (Doc. 12-4 at 3)

"The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board. Instead, due process in this context requires only that there be some evidence to support the findings made in

the disciplinary hearing." 472 U.S. at 457. Young's disciplinary conviction was supported by "some evidence."

A disciplinary report issued, which described Young's mail violation and included a copy of Young's letter. Young does not deny sending the letter, and he received a fair hearing with appropriate procedural protections. Evidence presented at the hearing was sufficient to meet either the "some evidence" standard or the "greater weight of the evidence" standard. Accordingly, the petition (Doc. 1) is **DENIED**. A review of Young's other allegations confirms that each is without merit and confirms that no issue warrants discussion.[3] The Clerk is directed to enter judgment against Young, to terminate any pending motion, and to close the case.

### DENIAL OF BOTH
### A CERTIFICATE OF APPEALABILITY
### AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

A prisoner seeking to appeal a district court's final order denying his petition for a writ of habeas corpus has no absolute entitlement to appeal but must obtain a certificate of appealability (COA). 28 U.S.C. § 2253(c)(1); *Harbison v. Bell*, 556 U.S. 180, 184 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or

---

[3] Because a hearing is unnecessary to disposition of the petition, Young's request for a hearing is **DENIED**.

wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) or, that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Young has not made the requisite showing in these circumstances and is not entitled to a certificate of appealability. Finally, because Young is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*. Young must obtain permission from the circuit court to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on May 8, 2015.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE